UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

MARIA MARRERO,

                                Plaintiff,        Case # 18-CV-229-FPG

v.                                                            DECISION AND ORDER

COMMISSIONER OF SOCIAL SECURITY,

                                Defendant.

## INTRODUCTION

On April 24, 2014, Plaintiff Maria Marrero protectively applied for Supplemental Security Income under Title XVI of the Social Security Act due to various alleged impairments. Tr.[1] 73, 161-66. After the Social Security Administration ("SSA") initially denied her claim, Marrero testified at a hearing before Administrative Law Judge Melissa Lin Jones ("the ALJ"). Tr. 37-72. On November 28, 2016, the ALJ issued an unfavorable decision. Tr. 18-31. After the Appeals Council denied her request for review, Marrero appealed to this Court.[2] Tr. 1-6; ECF No. 1.

The parties moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). ECF Nos. 12, 17. For the reasons that follow, the Commissioner's motion is GRANTED and Marrero's motion is DENIED.

## LEGAL STANDARD

When it reviews a final decision of the SSA, it is not the Court's function to "determine de novo whether [the claimant] is disabled." *Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998). Rather, the Court "is limited to determining whether the SSA's conclusions were supported by

---

[1] "Tr." refers to the administrative record in this matter. ECF No. 6.

[2] The Court has jurisdiction over this action under 42 U.S.C. §§ 405(g), 1383(c).

1

substantial evidence in the record and were based on a correct legal standard." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (citing 42 U.S.C. § 405(g)) (other citation omitted).

The Commissioner's decision is "conclusive" if it is supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence means more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (citations omitted).

## DISCUSSION

In conducting the requisite five-step analysis,[3] the ALJ determined at step four that Marrero could perform her past relevant work as a curtains and blinds salesperson. Tr. 29-30. Marrero argues that this requires remand, because her past relevant work was actually a so-called "composite job," with a blend of duties required of a curtain and blinds salesperson and a venetian blinds assembler. ECF No. 12-1 at 24-28. The Court disagrees. Even if the ALJ erred at step four, any error is harmless because she made an alternative step five finding that is supported by substantial evidence.

At step four of the disability analysis, the ALJ determines whether the claimant's residual functional capacity ("RFC")[4] permits her to perform the requirements of her past relevant work.[5] 20 C.F.R. § 416.920(f). The ALJ will deny benefits at step four if the claimant "can meet the

---

[3] The ALJ uses this analysis to determine whether a claimant is disabled and therefore entitled to benefits. 20 C.F.R. § 416.920(a)(4).

[4] A claimant's RFC reflects her ability to perform physical or mental work activities on a sustained basis despite her impairments. *See id.* § 416.920(e)-(f). The ALJ determines a claimant's RFC between steps three and four of the disability analysis.

[5] Past relevant work is work that the claimant performed within the last 15 years, lasted long enough for the claimant to learn how to do it, and constituted substantial gainful activity. *Id.* §§ 416.960(b)(1), 416.965(a); *see also* S.S.R. 82-62, 1982 WL 31386, at *1-2 (S.S.A. Jan. 1, 1982).

demands of [her] previous work, either as [she] actually performed it or as generally performed in the national economy." *Id.* § 416.960(b)(2).

If the claimant cannot perform her past relevant work, the burden shifts to the Commissioner at step five to show that the claimant retains the RFC "to perform alternative substantial gainful work" that exists in the national economy in light of her RFC, age, education, and work experience. *See Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999) (quotation marks omitted); *see also* 20 C.F.R. § 416.960(c). An ALJ can make the step five determination by eliciting vocational expert ("VE") testimony. *McIntyre v. Colvin*, 758 F.3d 146, 151 (2d Cir. 2014). The ALJ may pose a hypothetical question to the VE and rely on the VE's response "as long as there is substantial record evidence to support the assumption[s] upon which the [VE] based his opinion and accurately reflect the limitations and capabilities of the claimant involved." *Id.* (quotation marks and citations omitted).

If the ALJ makes an improper step four finding but makes a step five finding that is supported by substantial evidence, any such error is harmless and does not warrant remand. *See, e.g.*, *Brandon v. Colvin*, No. 5:15-CV-0386(GTS), 2016 WL 4532148, at *10 (N.D.N.Y. Aug. 29, 2016) ("In any event, even if the ALJ erred in determining that Plaintiff could perform her past relevant work at step four, the ALJ's alternative finding that Plaintiff could perform other existing work at step five was supported by substantial evidence."); *Roman Jimenez v. Colvin*, No. 12 CIV. 6001 PGG FM, 2014 WL 572721, at *17 (S.D.N.Y. Feb. 13, 2014), *Report & Recommendation adopted sub nom.*, 2016 WL 5660322 (Sept. 30, 2016) (finding that "even if the ALJ erred at step four, his error would be harmless and would not warrant remand" because he made an alternative step five finding that was supported by substantial evidence).

Here, the ALJ found at step four that Marrero can perform her past relevant work as a curtains and blinds salesperson, a finding that Marrero disputes. Although the ALJ could have concluded the disability analysis there, she went on to step five and determined that Marrero could also work as a cashier, general office clerk, and production planning/expediting clerk. Tr. 30-31. She made this finding based on a vocational expert's testimony and Marrero's age, education, work experience, RFC, and acquired work skills—specifically, her ability to sell and to operate a cash register or take money from customers. Tr. 30.

The Court has reviewed the hearing transcript and finds that the ALJ's hypothetical questions to the VE accurately reflect Marrero's age, education, work experience, RFC, and acquired work skills, *see* Tr. 61-64, and therefore the ALJ was entitled to rely on the VE's response as to what jobs an individual like that could perform.

Marrero does not dispute the ALJ's step five findings. In fact, her motion does not acknowledge that the ALJ made a step five finding at all. In her reply brief, however, she attempts to undermine the ALJ's finding as to what skills she acquired in her past relevant work. According to Marrero, because her "past relevant work has not been correctly characterized and analyzed as a composite job, it is not clear how any findings at step five . . . can be accurate since they are based on incorrect characterizations of [her] past work." ECF No. 19 at 2.

The Court is not persuaded. The crux of Marrero's argument is that the ALJ failed to consider that her job incorporated a blend of duties of a curtains and blinds salesperson and a venetian blinds assembler; not that she did not do the salesperson job at all. At her hearing, Marrero testified that "cashiering" and "sales" comprised about half of her workday. Tr. 53. When the ALJ asked the VE what transferable skills Marrero would have, he testified she has the ability

4

to sell and to operate a cash register or take money from customers. Tr. 61. Neither Marrero nor her attorney objected to this testimony or otherwise indicated that she did not have these skills.

Accordingly, for all the reasons stated, any step four error was harmless because the ALJ made an alternative step five finding that is supported by substantial evidence and remand is not warranted.

## CONCLUSION

The Commissioner's Motion for Judgment on the Pleadings (ECF No. 17) is GRANTED, Marrero's Motion for Judgment on the Pleadings (ECF No. 12) is DENIED, and this matter is DISMISSED WITH PREJUDICE. The Clerk of Court will enter judgment and close this case.

IT IS SO ORDERED.

Dated: October 16, 2019
      Rochester, New York

HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court